HELEN L. WILEY, APPELLANT, v. TRAVELERS INSURANCE COMPANY, RESPONDENT.

Argued May 18, 1937—Decided September 22, 1937.

For appellant, *Lum, Tamblyn & Fairlie* (*James Raymond Berry*, of counsel).

For the respondent, *Lindabury, Depue & Faulks* (*Walter F. Waldau*, of counsel).

The opinion of the court was delivered by

LLOYD, J. The plaintiff below instituted the action in the present case to recover from the defendant the sum of $5,000 on a policy of accident insurance which provided for death benefits in case of "death resulting from bodily injuries effected directly, and independently of all other causes, from accidental means during the term of the policy." To the obligation thus assumed there was this qualification:

"The insurance under this policy shall not cover accident, injury, disability, death or other loss caused directly or indirectly, wholly or partly, by bodily or mental infirmity, bacterial infection (except pyogenic infection which shall occur with and through an accidental cut or wound) or by any other kind of disease."

Although the trial was commenced before a judge and jury, it was stipulated by counsel that its further disposition in respect to the facts and the law should be committed to the judge. The findings of the judge were in favor of the defendant, and from the judgment entered on those findings, the present appeal is taken.

The essential facts as found after reciting the terms of the contract were that the insured died on April 9th, 1932, from general septicemia due to pyogenic infection of the nose, and

that this infection entered an abrasion on the floor of the nostril caused by the decedent plucking a hair therefrom. The judge also found that the plaintiff had failed to establish that death of the insured resulted from "bodily injuries effected directly, and independently of all other causes, through accidental means."

Appellant contends that the last finding was incompatible with the earlier conclusion and that under the law there should have been a finding in favor of the plaintiff.

We think this contention is unsound. Much argument is addressed to the meaning of the word "accidental" and in this discussion it is claimed that the proofs conclusively established that the cause of death was accidental within the terms of the policy.

Examination and analysis of the proofs fully justify the conclusion of the trial judge. It was proved that a necessary result of the pulling of the hair from the nostril was a laceration or abrasion of the flesh of the nostril, and that as incident thereto septicemia might well be expected to result. It further appeared that the insured had been specifically warned by his physician of the danger of pulling the hair from the nose and that he had thus acted despite such warning.

In this situation how can it be said that there was an accident in the laceration of the flesh caused by the pulling of the hair? The question is not whether the resulting infection was to be expected, but whether the pulling of the hair would result in a laceration of the flesh into which the infection might enter. If one is using a knife and inadvertently cuts his hand, such an incident is an accident. If, however, he deliberately cuts his hand, surely such is not an accident.

In the present case it appeared affirmatively that the act of pulling the hair was deliberate. It also appeared that the insured had been cautioned of the danger of doing this very thing, but whether so advised or not he must be presumed to understand the natural consequence of his act, which was the laceration of the flesh. Whether under these proofs the judge would be obliged to find in favor of the defendant it is not necessary to pass upon. It is sufficient to say that what-

ever may be said of the resulting infection his finding as a fact that the injury received was not an accident, was fully justified by the proofs.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN- CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, WELLS, RAFFERTY, JJ. 10.

*For reversal*—HEHER, PERSKIE, DEAR, WOLFSKEIL, COLE, JJ. 5.